UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| SUSAN K. BLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 5:21-CV-179-REW |
| v. ) | |
| ) | OPINION AND ORDER |
| KILOLO KIJAKAZI, ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. | |

\*\*\* \*\*\* \*\*\* \*\*\*

On April 14, 2022, the Court remanded the underlying case pursuant to sentence four of 42 U.S.C. § 405(g).[1] *See* DE 24 (Order); 25 (Judgment). Now, Plaintiff Susan K. Bland moves for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). *See* DE 26 (Motion); 27 (Affidavit). Specifically, Bland requests a total of $5,141.52, representing 21.1 attorney hours at an hourly rate of $214.29 and 6.2 paralegal hours at an hourly rate of $100. *See* DE 26; 26-1. The Commissioner agrees that attorney's fees are appropriate under the EAJA and does not object to the itemized services breakdown or total number of hours claimed. *See* DE 28 at 1. Though not objecting to the hourly rate, the Commissioner "defers to the Court on the appropriate hourly rate in this case." *Id.*

As relevant here, under the EAJA:

a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by

---

[1] The statute provides, in relevant part:
  The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.
42 U.S.C. § 405(g) (sentence four).

1

> that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see also* § 2412(a) ("Except as otherwise specifically provided by statute, a judgment for costs, *as enumerated in section 1920 of this title*, but not including the fees and expenses of attorneys may be awarded to the prevailing party. . . ." (emphasis added)). The Court's sentence-four remand qualifies Bland as a prevailing party under sub-section (d). *See Shalala v. Schaefer*, 113 S. Ct. 2625, 2632 (1993). Bland's fee request is timely. 28 U.S.C. § 2412(d)(1)(B).[3] In her fee request, Bland includes the required itemized statement from her attorney "stating the actual time expended and the rate at which fees and other expenses were computed[]"[4] and properly alleges that the Government's position was not substantially justified. *Id.* Based on the record, the Court finds that Bland satisfies the EAJA predicates. *See id.* Finally, Bland establishes that she is an individual "whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" *Id.* § 2412(d)(2)(B); *see also* DE 27-7 (Affidavit).

*Applicable Hourly Rate – Attorney's Fees*

As noted above, regarding attorney hours, Bland requests an hourly fee rate of $214.29. *See* DE 26-1. While the Commissioner does not object to the hourly rate, she defers to the Court's discretion. *See* DE 28. Regarding hourly rate, the EAJA provides:

---

[3] The EAJA requires fee request submission "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). In this context, final judgment refers to expiration of Bland's appeal time, *see Feldpausch v. Heckler*, 763 F.2d 229, 232 (6th Cir. 1985), which occurred 60 days after the Court's April 14, 2022 Judgment (DE 25). *See* Fed. R. App. P. 4(a)(1)(B)(ii) (providing that a party may appeal "within 60 days after entry of the judgment or order appealed from if one of the parties is . . . a United States agency"). Bland timely filed her fee motion on July 7, 2022, within 90 days of DE 25.

[4] The Court has carefully reviewed counsel's itemized fee breakdown and finds the services rendered reasonable, both in nature and duration, and properly documented. *See* DE 27-4 at 3-4; *see also* 28 U.S.C. § 2412(d)(2)(A).

2

> [t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The Sixth Circuit has cautioned "district courts to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). Generally, though the Court has discretion to consider a rate increase and award one if the circumstances so justify, the "statutory rate is a ceiling and not a floor[.]" *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). The party seeking a higher hourly rate has the burden of establishing that it is warranted. *See Blum v. Stenson*, 104 S. Ct. 1541, 1548 (1984). The claimant must "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience, and reputation." *Chipman*, 781 F.2d at 547. The "community" refers to "the same metropolitan area as the one in which the case was brought." *Kalar v. Astrue*, No. 10-428-JBC, 2012 WL 2873815, at * 1 (E.D. Ky. July 13, 2012).

In this instance, Bland satisfies her burden of demonstrating entitlement to a fee rate of $214.29. First, Bland includes the U.S. Bureau of Labor Statistic's Consumer Price Index ("CPI") Inflation Calculator, showing that the buying power of $125 in 1996 (*i.e.*, the year of the EAJA's inception) equates to $214.29 in 2021. *See* DE 27-1. While evidence of the CPI calculation alone "is not enough[,]" *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009), Bland also attaches affidavits from two Eastern District of Kentucky attorneys stating that the typical hourly rate is the community falls between $200 and $500. *See* DE 27-2. Further, Bland notes that the Sixth Circuit recently stated that "[a]warding a $125 rate usually has nothing to do with the current market conditions or the value of legal services" and that "there is no evidence that any lawyer in

3

the relevant communities would accept [$125 or $150 hourly] for any kind of service on even the simplest case." *See* DE 27 at ¶ 9 (Affidavit) (quoting *Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 491-92 (6th Cir. 2021)).  Based on this unrefuted evidence, the Court finds Bland has satisfied her burden in establishing an appropriate prevailing rate and also the special factor of changes in cost of living.  Thus, for attorney hours, an hourly rate of $214.29 is appropriate.

*Applicable Hourly Rate – Paralegal Fees*

For paralegal hours, Bland requests an hourly fee rate of $100.  *See* DE 26-1.  Courts in this region frequently award paralegal fees at a rate of $100 per hour.  *See, e.g.*, *McPherson v. Kijakazi*, No. 3:21-036-DCR, 2022 WL 3269046, at *2 (E.D. Ky. Aug. 10, 2022) (awarding paralegal fees at an hourly rate of $100); *Pendleton v. Comm'r of Soc. Sec.*, No. 5:19-CV-00474-MAS, 2022 WL 885765, at * (E.D. Ky. Mar. 22, 2022) (same); *Stanley v. Kijakazi*, No. 3:21-CV-0599, 2022 WL 4113680, at *3 (M.D. Tenn. Aug. 18, 2022) (stating that "courts in this circuit have accepted [an hourly rate of $100] as reasonable . . . when adjusted for inflation").  In this instance, nothing in the record suggests $100 per hour is unwarranted.  As such, based on the record and trends in this region, the Court concludes that a $100 hourly rate for paralegal work is reasonable.

Accordingly, for the reasons discussed, the Court **ORDERS** as follows:

1. The Court **GRANTS** DE 26;

2. The Court awards, under the EAJA, compensation for of $5,141.52, representing 21.1 attorney hours at an hourly rate of $214.29 and 6.2 paralegal hours at an hourly rate of $100; and

3. The EAJA fee award shall be directly payable to Bland, subject to offset applicable under § 3716, per *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), and any waiver accepted by the Commissioner.

This the 14th day of November, 2022.

Signed By:
*Robert E. Wier* REW
United States Magistrate Judge